1  Jordan L. Lurie (130013)
   Leigh A. Parker (170565)
2  WEISS & LURIE
   10940 Wilshire Boulevard, Suite 2300
3  Los Angeles, CA 90024
   Tel: (310) 208-2800
4  Fax: (310) 209-2348

5  *Lead Counsel for the Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re QUINTUS SECURITIES LITIGATION | CASE NO: C-00-4263 VRW |
| | <u>CLASS ACTION</u> |
| This Document Relates to: | **AMENDED [~~PROPOSED~~] ORDER DIRECTING NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION AND SETTING HEARING DATE FOR FINAL APPROVAL OF SETTLEMENT; EXHIBITS ATTACHED** |
| ALL ACTIONS. | |

1   WHEREAS, on July 7, 2006, this Court issued an Order (the "July 7 Order"): 1) granting preliminary approval of the Settlement of the above-captioned litigation (the "Litigation"), the proposed Plan of Allocation and an award of attorney fees and expenses; 2) certifying the Settlement Class; 3) directing certain revisions to the proposed Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") and Summary Notice for Publication (the "Summary Notice"); and 4) providing that approval of the Notice and Summary Notice will be granted, and related ministerial orders concerning the Settlement will be entered, after the Court has reviewed revised versions of the Notice and Summary Notice that conform to the July 7 Order; and

WHEREAS, the parties concurrently herewith submit an amended Notice and Summary Notice conforming to the July 7 Order, together with a Proof of Claim and Release Form and proposed Judgment providing for the dismissal of the Litigation with prejudice as against all Defendants upon the terms and conditions set forth in the parties' Stipulation of Settlement ("Stipulation") for this Court's review; and

WHEREAS, plaintiffs' Lead Counsel has conferred with the other parties regarding the date to be set for the hearing to consider whether final approval of the Settlement shall be granted (the "Settlement Hearing") and confirmed that this Court is available for the Settlement Hearing on October 19, 2006 and no party has objected to that date.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.   The Settlement Hearing shall be held before the Honorable Vaughn R. Walker, approximately 75 days from the date of signing of this Notice Order, on October 19, 2006 at 2:00 p.m. in the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, to determine: (i) whether the Proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair,

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY   *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

1

1  reasonable and adequate; (ii) whether it should be approved by the Court; (iii) whether Judgment,
2  in substantially the form attached to the Stipulation as *Exhibit B*, should be entered dismissing
3  the Litigation on the merits and with prejudice as against all Defendants; (iv) whether the
4  proposed Plan of Allocation is fair and reasonable; and (iv) whether Lead Counsel's application
5  for attorneys' fees and reimbursement of costs and expenses should be approved.  The Court may
6  continue or adjourn the Settlement Hearing without further notice to the Settlement Class.

7        5.      The Court hereby approves, as to form and content, the Notice annexed hereto as
8  *Exhibit A-1*, the Proof of Claim and Release annexed hereto as *Exhibit A-2*, and the Summary
9  Notice annexed hereto as *Exhibit A-3*.  The Court finds that the publication of the Summary
10 Notice and mailing and distribution of the Notice substantially in the manner and form set forth
11 in paragraphs 6 and 7 of this Notice Order meets the requirements of due process, and is the best
12 notice practicable under the circumstances and shall constitute due and sufficient notice to all
13 Persons entitled thereto.

14       6.      Lead Counsel shall make reasonable efforts to identify all Persons who are
15 Settlement Class Members, including beneficial owners whose Quintus common stock is or was
16 held by banks, brokerage firms, or other nominees.  Lead Counsel shall mail or cause to be
17 mailed the Notice and the Proof of Claim and Release by first class mail to all Members of the
18 Settlement Class who can be identified by reasonable notice.  The cost of notice to stockholders
19 will be paid out of the Settlement Fund, as addressed in the Stipulation.  Lead Counsel is hereby
20 empowered to supervise and administer the notice procedure as set forth below.  Lead Counsel is
21 hereby authorized to retain the firm of Berdon Claims Administration LLC (the "Claims
22 Administrator") to administer the notice procedure as well as the processing of claims as more
23 fully set forth herein.  The Claims Administrator shall be responsible for the receipt of all
24 responses from Settlement Class Members and shall preserve all Proof of Claim forms and any
25 and all other written communications from Settlement Class Members, nominees, or any other
26 Person in response to the Notice or Summary Notice until one year following the date of
27 distribution of the proceeds of the Net Settlement Fund to the Settlement Class Members or
28

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY    *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

2

pursuant to further order of the Court. Within five (5) business days from the date of this Notice Order (the "Notice Date"), Quintus, or its Bankruptcy Trustee, or its transfer agent shall provide the Claims Administrator with a list containing the identity of all record holders of Quintus common stock who purchased or acquired their Quintus common stock during the Settlement Class Period (the "List"). The List shall contain the names and addresses of all purchasers of the common stock during the Settlement Class Period. Defendants and/or their transfer agent shall bear all costs or expenses associated with providing the Claims Administrator with the List. Within twenty-one (21) days from the Notice Date, Lead Counsel or their designee shall mail, or cause to be mailed by first class mail, copies of the Notice substantially in the form annexed hereto as *Exhibit A-1* to all Members of the Settlement Class who can be identified with reasonable effort. Within twenty-one (21) days from the Notice Date, Lead Counsel shall cause the Summary Notice to be published, substantially in the form annexed hereto as *Exhibit A-3*, once in a widely circulated national business-oriented publication or wire service. At least five (5) calendar days prior to the Settlement Hearing, Lead Counsel shall serve and file with the Court proof by affidavit or declaration of such mailing and publishing.

7. Nominees who purchased or otherwise acquired Quintus common stock during the Settlement Class Period are directed to: (a) send the Notice and the Proof of Claim and Release to all beneficial owners of Quintus common stock purchased or otherwise acquired during the Settlement Class Period, within ten (10) days after receipt of the Notice; or (b) send a list of the names and addresses of such beneficial owners to Lead Counsel within ten (10) days after receipt of the Notice.

8. Unless otherwise ordered by the Court, all Members of the Settlement Class shall be bound by the terms of any judgment entered in the Litigation concerning the Proposed Settlement (including the Judgment), whether favorable or unfavorable to the Settlement Class. Any Member of the Settlement Class who does not properly and timely request exclusion shall be included in the Settlement Class and shall be bound by any judgment (including the Judgment) entered in the Litigation.

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY    *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

3

9.      Settlement Class Members who wish to participate in the distribution of the Settlement Fund shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be received by the Claims Administrator postmarked no later than 120 days from the date this Notice Order is signed. Any Settlement Class Member who does not submit a properly completed Proof of Claim and Release form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund unless otherwise ordered by the Court.

10.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must provide, postmarked no later than twenty-one (21) days prior to the Settlement Hearing, written notice of such request to the Claims Administrator identified in the Notice, referring to the Litigation and setting forth his or her name, address, and transactions in Quintus common stock during the Settlement Class Period (including each date of acquisition, purchase and sale and each price and amount paid and/or received). Unless otherwise ordered by the Court, all Settlement Class Members not exercising the option to be excluded from the Settlement Class within the specified time period shall be bound by the Stipulation, the Settlement and releases contained therein, and the Judgment entered hereon, and shall not have any further opportunity to opt out of the Settlement Class. Any Settlement Class Member who shall timely and properly elect to be excluded from the Settlement Class shall be permitted to revoke such election by mailing, within the required time frame, a request for revocation to Lead Counsel, and in such event shall once again become a Settlement Class Member for all purposes. Any Person who, pursuant to the provisions of this paragraph and the Notice, elects to be excluded from the Settlement Class and does not revoke such election as provided above, shall have no right to any portion of the Settlement Fund, and shall be left, as to the Released Persons and the Released Claims, only to his or her individual remedies.

11.     Any Member of the Settlement Class may appear and show cause why the Proposed Settlement of the Litigation embodied in the Stipulation should or should not be

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY   *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

4

1   approved as fair, reasonable and adequate, or why a judgment should or should not be entered
2   thereon, and/or to present opposition to the Plan of Allocation or the application of Lead Counsel
3   for fees and expenses.  However, no Settlement Class Member or any other Person shall be heard
4   or entitled to contest the approval of the terms and conditions of the Stipulation and the
5   Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless on or
6   before twenty-one (21) days prior to the Settlement Hearing, that Settlement Class Member or
7   Person has served by hand or otherwise caused to be delivered written objections, including the
8   basis therefor, as well as copies of any papers and/or briefs in support of his or her position upon:
9   Jordan L. Lurie, Leigh A. Parker, WEISS & LURIE, Suite 2300, 10940 Wilshire Boulevard, Los
10  Angeles, CA 90024; and Kurt F. Gwynne, REED SMITH LLP, 1201 Market Street, Suite 1500,
11  Wilmington, DE 19801; Boris Feldman, Douglas J. Clark, Peri B. Nielsen, WILSON SONSINI
12  GOODRICH & ROSATI, Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-
13  1050; Sara B. Brody, HELLER EHRMAN LLP, 333 Bush Street, San Francisco, CA 94104-
14  2878; and Michael Tubach, O'MELVENY & MYERS, LLP, Embarcadero Center West, 275
15  Battery Street, Suite 2600, San Francisco, CA 94111-3304 and file said objections, papers and
16  briefs with the Clerk of the United States District Court for the Northern District of California.
17  Any Settlement Class Member or Person who does not make his, her or its objection in the
18  manner provided for herein shall be deemed to have waived such objection and shall forever be
19  foreclosed from making any objection to the fairness or adequacy of the Settlement as
20  incorporated in the Stipulation, unless otherwise ordered by the Court.  The manner in which a
21  notice of objection should be prepared, filed and delivered shall be stated in the Notice.  Unless
22  the Court orders otherwise, only Settlement Class Members who have filed and delivered valid
23  and timely notices of objection will be entitled to be heard at the Settlement Hearing.
24          12.     All papers in support of the Settlement and for reimbursement of attorneys' fees
25  and expenses shall be filed with the Court and served on Defendants' counsel at least five (5)
26  calendar days prior to the Settlement Hearing.  Neither Defendants nor Defendants' counsel shall
27  have any responsibility for the Plan of Allocation and it will be considered separately from the
28

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY      *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

fairness, reasonableness and adequacy of the Settlement.  At or after the Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved.

13. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

14. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

15. Lead Counsel may use the proceeds of the Settlement Fund to pay the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to the Members of the Settlement Class, processing Proofs of Claim and Release and paying escrow fees and costs, if any.

16. The Court reserves the right to continue or adjourn the date of the Settlement Hearing without further notice to Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Proposed Settlement.

17. Neither the Stipulation nor the Settlement provided for therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability on the part of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, or the Settlement

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY    *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

6

1  provided for therein, or the Judgment, **except that** the Released Persons may file the Stipulation
2  and/or the Judgment in any action that may be brought against them in order to support a defense
3  or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith
4  settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion
5  or similar defense or counterclaim.

6  18.   Pending final approval of the Settlement reflected in the Stipulation, neither the
7  Lead Plaintiff nor Members of the Settlement Class, shall directly, representatively, or in any
8  other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting
9  any of the Released Claims against any of the Released Persons.  All discovery and other
10 proceedings in the Litigation are stayed until further order of the Court, except as may be
11 necessary to implement or comply with the terms of the Stipulation.

12 19.   The Judgment will permanently bar and enjoin the Lead Plaintiff and all Members
13 of the Settlement Class who did not timely and validly request exclusion from the Settlement
14 Class from instituting or prosecuting, in any capacity, any action or proceeding that involves or
15 asserts any of the Released Claims against any of the Released Persons and upon the Effective
16 Date any such Settlement Class Member shall conclusively be deemed to have released any and
17 all such Released Claims as against any and all of the Released Persons.

18 20.   If the Settlement is not approved or consummated for any reason whatsoever, the
19 Settlement and all proceedings had in connection therewith shall be without prejudice to the
20 *status quo ante* rights of the parties to the Litigation, except as otherwise set forth in the
21 Stipulation.

23 DATED: July 25, 2006

                               HONORABLE VAUGHN R. WALKER
                               UNITED STATES DISTRICT COURT JUDGE

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY    *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

7

Respectfully submitted by:

Jordan L. Lurie
Leigh A. Parker
WEISS & LURIE
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348

*Lead Counsel for the Settlement Class*

Kurt F. Gwynne
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Tel:  (302) 778-7500
Fax: (302) 778-7575

*Chapter 11 Trustee for the Quintus Estate*

Boris Feldman
Douglas J. Clark
Peri B. Nielsen
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel:  (650) 493-9300
Fax: (650) 565-5100

*Counsel for Defendants Paul H. Bartlett, Andrew Busey, Frederic W. Harman, William Herman, Alexander Rosen, Robert W. Shaw, Jeanne Wohlers, Oak Investment Partners VI, LP and Oak VI Affiliates Fund, LP*

Sara B. Brody
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Tel:  (415) 772-6000
Fax: (415) 772-6268

*Counsel for Defendant Susan Salvesen*

Michael Tubach
O'MELVENY & MYERS, LLP
Embarcadero Center West
275 Battery Street, Suite 2600
San Francisco, CA 94111-3304
Tel:  (415) 984-8700
Fax: (415) 984-8701

*Counsel for Defendant Alan Anderson*

AMENDED [PROPOSED] ORDER DIRECTING NOTICE OF PENDENCY   *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

8